FILED

**NOT FOR PUBLICATION**

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM M. ENDRES, | No. 12-16641 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03924-TEH |
| v. | |
| ELENA TOOTELL, Chief Medical Officer, San Quentin State Prison, individually and in her official capacity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

William M. Endres, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Endres failed to raise a genuine dispute of material fact as to whether the delay he experienced in receiving surgery for his benign brain tumor led to increased suffering or further injury. *See id.* at 1058-59 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to establish deliberate indifference based on a delay in treatment, there must be proof that it resulted in further significant injury or the wanton infliction of pain); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

**AFFIRMED.**